```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                          CHARLESTON
```

**CHARLES WILLIAM CHAFFIN,**

      **Petitioner,**

v.                                         Case No. 2:08-cv-00130

**DAVID BALLARD, Warden,**
**Mount Olive Correctional Complex,**

      **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

On February 26, 2008, Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (docket sheet document # 2). Pending before the court are Respondent's Motion to Dismiss Petition for Failure to Exhaust State Remedies (# 11) and Petitioner's Motion to Hold Federal Habeas Corpus Petition in Abeyance (# 13). This matter is assigned to the Honorable David A. Faber, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY

**A.   Petitioner's underlying criminal proceedings.**

On October 24, 2001, Petitioner was indicted by a Jackson County grand jury on one count of Murder. (Case No. 01-F-57). (# 11, Ex. 1). On April 5, 2002, Petitioner pled guilty to Murder in the First Degree. (Id.)  By Order entered May 22, 2002, the

Circuit Court of Jackson County sentenced Petitioner to life in the penitentiary without the possibility of parole. (Id., Ex. 2).

On October 30, 2002, Petitioner, by counsel, filed a Petition for Appeal of his conviction and sentence to the Supreme Court of Appeals of West Virginia (the "SCAWV"), asserting the following grounds for relief:

1. The trial court committed error by not providing the appellant and the appellant's counsel with a copy of the pre-sentence report prior to the date of sentencing.

2. West Virginia Code, § 62-3-15, as amended, improperly permits a trial judge to impose a sentence of life imprisonment without the possibility of parole without requiring the trial judge to make sufficient findings of fact as to the sentence imposed.

(Id., Ex. 3). On May 14, 2003, the SCAWV refused the Petition for Appeal. (Id.)

**B. Petitioner's state post-conviction proceedings.**

On September 3, 2003, Petitioner filed a pro se Petition for a Writ of Habeas Corpus in the Circuit Court of Jackson County (Case No. 03-C-108). (Id., Ex. 4). The petition raised the following grounds for relief:

1. Ineffective assistance of counsel, counsel having failed to investigate the case on Chaffin's behalf, refused to let Chaffin testify that the victim was killed in Ohio and coerced Chaffin to plead guilty.

2. Lack of jurisdiction, because the victim, Monica Fouch, was killed in Ohio.

    3.    Involuntary guilty plea, because Chaffin was threatened with an Ohio prosecution and possible death penalty if he did not plead guilty to murder.

    4.    Chaffin is not factually guilty of murder, inasmuch as the victim was killed in Ohio by another person.

    5.    Trial court did not comply with the mandatory procedures of Rule 11(e), WVRCrP.

(Id.)  Attorney Kevin Hughart was appointed to represent Petitioner in that matter.  Mr. Hughart filed an Amended Petition on November 12, 2003.  (Id.)  An evidentiary hearing was conducted on September 8, 2006.  (Id.)  The Circuit Court denied that petition on May 18, 2007.  (Id.)

On September 27, 2007, Petitioner, by counsel, filed a Petition for Appeal concerning the denial of his Circuit Court habeas corpus petition in the SCAWV.  (Case No. 072881).  (Id., Ex. 5).  In the Petition for Appeal, Petitioner asserted the following grounds for relief:

    1.    Trial counsel would not permit Appellant to disclose that the victim was killed in the State of Ohio and refused to investigate the issue to determine if Appellant was telling the truth.

    2.    Trial counsel coerced Appellant into entering a plea by telling him that if Appellant was convicted in the State of Ohio he would face the death penalty and further, that Appellant was not permitted to withdraw the plea of guilty.

    3.    Trial counsel failed to object to the delay in receiving the pre-sentence investigation report and the result of said delay did not permit Appellant to have adequate time to review said report. Further, Appellant has never been permitted to have a copy of the pre-sentence report.

(# 15, Ex. 6). On January 10, 2008, the SCAWV refused the petition. (# 11, Ex. 5).

    **C.    Petitioner's current federal petition.**

On February 26, 2008, Petitioner filed the present Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, raising four grounds for relief[1] as follows:

    1.    Ineffective assistance of counsel.

    2.    Involuntary guilty plea.

    3.    Trial counsel failed to object to delay in pre-sentencing report and did not provide Appellant with adequate time to review.

    4.    Lack of jurisdiction to prosecute Appellant for murder.

(# 2 at 6).

By Order entered March 12, 2008, the undersigned directed that Respondent file an answer or other response to the petition by April 30, 2008. (# 6). On April 30, 2008, Respondent filed an Answer (# 10), a Motion to Dismiss Petition for Failure to Exhaust State Remedies with accompanying exhibits (# 11), and a Memorandum

---

[1] Respondent's Motion to Dismiss (# 11) states that Petitioner's section 2254 petition contains five grounds for relief, of which four are exhausted. The section 2254 petition actually contains four grounds for relief (# 2 at 5-10), of which three appear to be colorably exhausted. Respondent appears to have incorrectly referred to Petitioner's state court habeas corpus petition, which contained five grounds for relief. In the section 2254 petition, Petitioner has not raised the ground for relief concerning the trial court's alleged failure to comply with Rule 11(e), WVRCrP, which was raised in the state court petition. Respondent corrected this error in his Memorandum of Law in support of his Motion to Dismiss (# 12 at 4).

of Law in support thereof (# 12). Respondent's Motion to Dismiss asserts that, because Petitioner did not raise Ground Four - that the Jackson County Circuit Court did not have jurisdiction to impose the original sentence - as a freestanding constitutional claim, either in his direct appeal or his habeas appeal, he has failed to exhaust that claim, and this federal court is barred from reviewing it.

On May 29, 2008, Petitioner filed a Motion to Hold Federal Habeas Corpus Petition in Abeyance. (# 13). On May 30, 2008, Petitioner filed a letter-form response, providing additional documentation concerning his state habeas corpus proceedings. (# 14).

On June 2, 2008, Respondent filed a Response in Opposition to Petitioner's Motion to Hold Federal Habeas Corpus Petition in Abeyance, arguing that Petitioner's one unexhausted claim concerning lack of jurisdiction of the Circuit Court of Jackson County over his criminal charges was procedurally defaulted, and that a stay and abeyance of Petitioner's federal petition in order to allow exhaustion of that claim is not warranted. (# 15). The matter is now ripe for determination.

## **ANALYSIS**

Section 2254(b)(1)(A) of Title 28 of the United States Code, states that a petition for a writ of habeas corpus filed in a Federal district court by a prisoner in State custody shall not be

granted, unless it appears that the applicant has exhausted the remedies available in the State courts, or if the State has waived the exhaustion requirement.  28 U.S.C. §§ 2254(b)(1)(A), (b)(3).

In West Virginia, prisoners may exhaust their available State court remedies either by stating cognizable Federal constitutional claims in a direct appeal, or by stating such claims in a petition for a writ of habeas corpus in a State circuit court pursuant to West Virginia Code § 53-4A-1, followed by filing a petition for appeal from an adverse ruling to the SCAWV.  Moore v. Kirby, 879 F. Supp. 592, 593 (S.D.W. Va. 1995); McDaniel v. Holland, 631 F. Supp. 1544, 1545 (S.D.W. Va. 1986).  A petition for a writ of habeas corpus filed under the original jurisdiction of the SCAWV that is denied with prejudice following a determination on the merits will also exhaust the prisoner's State court remedies.  See Moore, 879 F. Supp. at 593; McDaniel, 631 F. Supp. at 1546; see also, Meadows v. Legursky, 904 F.2d 903, 908-909 (4th Cir. 1990)(abrogated on other grounds, Trest v. Cain, 522 U.S. 87 (1997)).

Additionally, as noted in Respondent's Memorandum of Law, Petitioner must show that the claims he raised in State proceedings are the same as the claims he now seeks to raise in his Federal habeas proceeding.  See Pitchess v. Davis, 421 U.S. 482, 487 (1975); Picard v. Connor, 404 U.S. 270, 275-76 (1971).  The claims in both courts must "fairly present" the "substance" of the claim, based upon the same factual grounds, and must allege that the same

6

Federal constitutional right was violated. Anderson v. Harless, 459 U.S. 4, 6 (1982). (# 12 at 5).

Petitioner did not raise his lack of jurisdiction claim in his direct appeal. Although Petitioner raised the lack of jurisdiction claim in his Circuit Court habeas corpus petition, it was not raised as a separate substantive ground for relief in his habeas appeal. Rather, Petitioner only raised the issue of the murder allegedly occurring in Ohio as part of his claims of ineffective assistance of counsel, stating that his trial counsel would not permit him to testify that the murder occurred in Ohio. That is clearly not the same claim. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Ground Four of Petitioner's section 2254 petition is unexhausted.

In Rhines v. Weber, 544 U.S. 269, 277-279 (2005), the Supreme Court held that a district court has discretion to stay a mixed petition to allow a petitioner to present his unexhausted claims to the State courts, and then to return to Federal court for review of his perfected petition. The Court further held, however, that "stay and abeyance is only appropriate when the district court determines that there was good cause for the petitioner's failure to exhaust his claims first in the state court." (Id. at 277).

Petitioner has asked this court to hold his Federal petition in abeyance, pending exhaustion of his State court remedies. Petitioner appears to be arguing that his conditions of confinement

at the Mount Olive Correctional Complex and his limited knowledge of the law have prohibited him from properly exhausting his state court remedies. (# 13 at 3-4).

Before addressing the propriety of a stay-and-abeyance, however, the undersigned will address the statute of limitations issue in this matter. On April 24, 1996, a one-year limitation for filing of federal habeas corpus petitions was enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"). The AEDPA provides, in part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation

under this subsection.

28 U.S.C. § 2244(d)(2).

Petitioner's judgment became final on or about August 14, 2003, when the time for filing a Petition for a Writ of Certiorari in the Supreme Court expired. Harris v. Hutchinson, 209 F.3d 325, 328 n.1 (4th Cir. 2000). Therefore, the one-year statute of limitations began to run on August 15, 2003. Petitioner filed his Petition for a Writ of Habeas Corpus in the Circuit Court of Jackson County on September 3, 2003, which tolled the statute of limitations. At that time, 20 days had run under the statute of limitations. The statute of limitations remained tolled until the day that Petitioner's habeas appeal was refused by the SCAWV, which was on January 10, 2008. Thus, the statute of limitations began to run again on January 11, 2008, and is still running. See Duncan v. Walker, 533 U.S. 167, 181-182 (2001)(filing of federal habeas corpus petition does not toll AEDPA statute of limitations). By the undersigned's calculation, as of October 8, 2008, 292 days have run under the one-year statute of limitations. Therefore, Petitioner has 73 days remaining under the statute.

Petitioner contends that he filed a second habeas corpus petition in the Circuit Court of Jackson County on May 18, 2007, the same day that the Circuit Court denied his first habeas corpus petition. (# 13 at 1). The undersigned's staff has contacted the Circuit Clerk's Office in Jackson County and confirmed that

Petitioner did not file a second habeas corpus petition in that court, and that Petitioner has no pending cases at this time.

Respondent asserts that Petitioner's failure to raise the lack of jurisdiction claim in either his direct appeal or his habeas appeal results in the waiver or abandonment of that claim and that the claim is now procedurally defaulted for purposes of Petitioner's federal habeas corpus proceedings. (# 15 at 4-5). Accordingly, Petitioner would not be able to pursue the lack of jurisdiction claim in this federal court without showing cause for the default and actual prejudice from being precluded from bringing that claim. Respondent notes that the Rhines Court also held that a stay and abeyance is not appropriate when an unexhausted claim clearly lacks merit:

> Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was *good cause* for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay *when his unexhausted claims are plainly meritless* . . . .

544 U.S. at 277. (Id. at 5)(emphasis added by Respondent).

Respondent asserts that, because Petitioner was represented by counsel throughout his habeas corpus proceedings, he cannot, in good faith, contend that his pro se status or his conditions of confinement were cause for his procedural default of the jurisdiction claim. Rather, his counsel obviously did not consider

the jurisdiction claim to have enough merit to raise in the habeas appeal. (Id. at 6). The undersigned agrees. As noted by the Circuit Court in Petitioner's habeas corpus proceeding:

> [I]t is noted that the record shows that the Petitioner testified, under oath, before this court that he " . . . pretty much got into an altercation and strangled Ms. Fouch . . . ." When asked if this occurred in Jackson County, West Virginia, the Petitioner testified "Yes, sir."
>
> Furthermore, the circumstantial evidence available to the State is consistent with venue and jurisdiction lying in the Circuit Court of Jackson County W. Va. Respondent's Exhibit 2 is a letter from the prosecutor to trial counsel, dated March 6, 2002, which addresses the circumstantial evidence that Monica Fouch was killed in Jackson County. Note citation to W. Va. Code § 61-2-6, which provides that a person wounded or stricken out of state, who dies in this state, may be prosecuted in this state as if [the] act had been committed there.

(# 15, Ex. 6 at 5-6). The victim's body was found in Jackson County, West Virginia. (Id., Ex. 7 at 2). The Circuit Court's finding would be entitled to a presumption of correctness in this federal court. Thus, Petitioner's lack of jurisdiction claim is plainly meritless, and Petitioner's counsel's decision not to raise it in the habeas appeal is not sufficient good cause to overcome the procedural default of this claim.

The undersigned further proposes that the presiding District Judge **FIND** that Petitioner has not demonstrated any good cause for his failure to first present his jurisdiction claim in the State courts, and that a stay-and-abeyance is not appropriate in this matter.

**RECOMMENDATION**

For the reasons state herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Respondent's Motion to Dismiss Petition for Failure to Exhaust State Remedies (# 11) as to Ground Four (lack of jurisdiction) only, **DENY** Petitioner's Motion to Hold Federal Habeas Corpus Petition in Abeyance (# 13), and leave this matter referred to the undersigned for submission of additional proposed findings and a recommendation for disposition, following additional briefing on the merits of Grounds One through Three. A separate Time Frame Order will be entered by the undersigned setting deadlines for the briefs on the remaining grounds for relief.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have ten days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for

good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the district court and a waiver of appellate review by the circuit court of appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1366 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985); <u>Wright v. Collins</u>, 766 F.2d 841, 846 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on the opposing party, Judge Faber, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner and counsel of record.

    October 8, 2008
          Date

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge